FONOTI AUFATA, Plaintiff

v.

FAGAIMA AFATIA, MATAESE MANUMA, and REVEREND
PELETI and the METHODIST CHURCH, Defendants

High Court of American Samoa
Land and Titles Division

LT No. 73-83

September 18, 1987

Before REES, Chief Justice, VAIVAO, Associate
Judge, and TUIAFONO, Associate Judge.

Counsel: For Plaintiff, Asaua Fuimaono
         For Defendants, Aviata Fa'alevao

-158-

Opinion and Order on Post-Trial Motions:

Plaintiff Fonoti was adjudged the owner of communal land called Alatutui in Tafuna. Fonoti v. Fagaima, LT No. 73-83 (decision rendered April 7, 1986); Fagaima v. Fonoti, AP No. 12-86, 3 A.S.R.2d 112 (1986). Plaintiff has moved to evict a number of people who are currently occupying the land; these people include Mataese Manuma, who was a defendant in the case, and "Reverend Peleti and the Methodist Church," who were not defendants. The eviction of Reverend Peleti and the Methodists should have been brought as a separate action, but since they have been served with process and have participated in the hearings on the post-trial motions we will adjudicate their rights in this action.

The Court finds the facts to be as follows:

(1) The Manuma family first came on this land as licensees of the Fonoti family during the late 1940s. Fonoti v. Manuma, No. 18-1962 (per Morrow, C.J.).

(2) The Methodist congregation came to occupy the land on which the church now stands also during the late 1940s and also as licensees of the Fonoti family.

(3) Despite the status of the Manumas as licensees of the Fonotis and their adjudication as such in the 1962 case, defendant Mataese Manuma has for a number of years acted inconsistently with the continued ownership of the land by the Fonoti family and with his continued status as a licensee. These inconsistent actions are recounted in some detail in the opinion rendered after the trial of this case; they include the assertion in court that the Fonoti family does not own the land and the sale of parts of the land to third parties.

(4) Although Chief Fonoti was originally regarded as the "leading matai" in the Methodist congregation and had a substantial say in church decisions, in recent years Chief Fagaima has replaced Chief Fonoti in this role.

(5) Chief Fonoti contributed a substantial part, but by no means all, of the funds raised to build the present church building. It was not established, however, that there was any express or

-159-

implied agreement that he would thereby acquire a property interest in the church building.

(6) The church building is worth some amount not less than $10,000 and not greater than $50,000.

From these facts we draw the following conclusions:

(1) Mataese Manuma is entitled to remove any buildings and fixtures belonging to him and to harvest any crops planted before April 7, 1986. Since he has occupied the land inconsistently with the terms of his license from the Fonoti family, however, and since he is not entitled to claim (at least not since 1962) that he believed himself in good faith to be the owner of the land, he is not entitled to any compensation for such improvements as permanent plantings. (In any case, his rent-free use of the land is adequate compensation for the value of any improvements.)

(2) Although Fonoti would seem to be entitled to compensation from Manuma for the damages he suffered when Manuma sold parts of the land to third persons, we have not been presented with sufficient evidence of the amount of such damages on which to base such an award. We therefore decline to award any such damages.

(3) Although there was nothing in the original arrangement between Fonoti and the Methodists that gave him a right to terminate their license if he should ever cease to have influence in church affairs, both sides agree that the continued presence of the church on Fonoti land would be inconsistent with either side's quiet enjoyment of its property rights.

(4) Since the removal of buildings from land tends to produce economic waste, and since the irreconcilable differences between Fonoti and the Methodists have not been shown to have been brought about by the malice or bad faith of the Methodists, the law would ordinarily give the Methodist congregation a choice between removing their building from Fonoti land or leaving their building on the land and receiving fair compensation from Fonoti.

(5) Both Fonoti and the Methodists, however, have indicated a strong preference for the removal of the building rather than for an arrangement whereby Fonoti compensates the Methodists for its

fair value.  Accordingly,  we order  that they have the right  to remove the building.  (If they remove any part  of  it,  they  should  remove  all  of it including the foundation.)

(6) Both the Manumas and the Methodists should remove themselves and their property from  the land within sixty days.

It is so ordered.